UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cv0530-IEG (CAB) |
| Petitioner, | ) ) | ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES |
| v. | ) ) | |
| NATALIE L. FITCH, | ) ) | |
| Respondent. | ) ) | |

The government has petitioned the Court for an order enforcing Internal Revenue Service Summonses issued to Respondent Natalie L. Fitch. On March 26, 2008, the Court issued an order to show cause why the IRS summonses should not be judicially enforced. On April 1, 2008, the IRS served a copy of the order to show cause upon Respondent. Respondent did not file a response.

The hearing was held on the government's petition on June 2, 2008, at 10:30 a.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent did not appear. For the reasons explained herein, the government's petition to enforce the summonses is granted.

BACKGROUND

On June 21, 2005, Steve Silverman, a Revenue Agent employed by the Internal Revenue Service ("IRS"), issued three summonses to Respondent Natalie L. Fitch. [Declaration of Revenue Officer S. Silverman in Support of Petition, ("Silverman Decl."), ¶ 3.] The IRS is conducting an investigation regarding the personal tax liabilities of Mrs. Fitch and the federal tax liabilities of Concrete Forming Contractors, Inc., a corporation of which Mrs. Fitch is president. The first summons related to Mrs. Fitch's continuing failure to file employment tax liabilities by Concrete

1  Forming Contractors for the tax period beginning July 1, 2003 and ending March 31, 2005. [Id., ¶ 3;
2  Exhibit A.]  The second summons related to Mrs. Fitch's continuing failure to file corporation
3  income tax returns for the tax years 2003 and 2004 by Concrete Forming Contractors. [Silverman
4  Decl., ¶ 3; Exhibit B.]  The third summons related to Mrs. Fitch's continuing failure to file personal
5  income tax returns for the tax years 2001, 2002, 2003, and 2004.  This summons was replaced and
6  superseded by a new summons issued in April 2007.  [Silverman Decl., ¶ 3; Exhibit C.]  The IRS
7  served an attested copy of the summonses on Mrs. Fitch on June 22, 2005, by personally handing a
8  copy of each summons to Larry K. Fitch, Mrs. Fitch's husband, at her last and usual place of abode.
9  [Id. at ¶ 4.]
10       The summons ordered Mrs. Fitch to appear before the IRS on July 7, 2005.  On July 7, 2005,
11 Larry Fitch appeared and provided a copy of a family trust document and certain 2005 bank
12 statements for accounts in the name of Natalya Luzhnikova (also known as Natalie Fitch).
13 [Silverman Decl., ¶ 5.]  Larry Fitch requested and received additional time for Mrs. Fitch to comply
14 with the summonses.  [Id.]  On July 14, 2005, Mr. and Mrs. Fitch appeared and provided an
15 incomplete Internal Revenue Service form 1040 for the taxable year 2001, certain 2001 bank
16 statements for the accounts in the name of a family trust, and a handwritten list of deposits.  Mrs.
17 Fitch did not provide any other documents or testimony required by the summonses. [Id.]  On
18 September 26, 2005, the IRS provided Mrs. Fitch with another opportunity to comply with the
19 summonses and directed her to appear before Revenue Officer Silverman on October 14, 2005.
20 [Silverman Decl., ¶ 6.] Mrs. Fitch did not appear as directed and failed to provide the required
21 testimony and other documents requested in the summons. [Id. at ¶¶ 6, 7.]
22       On April 3, 2007, in furtherance of the ongoing investigation, Revenue Officer Silverman
23 issued an updated IRS summons directing Mrs. Fitch to appear before him on April 24, 2007, in
24 order to give testimony and to produce documents and records specified in the new summons for
25 examination.  [Id., ¶¶ 8, 10.] The summons related to Mrs. Fitch's continuing failure to file personal
26 income tax returns for the tax years 2001, 2002, 2003, 2004, and 2005 and supersedes the prior
27 issued 2005 summons. [Id., ¶¶ 3, 8; Exhibit C.] On April 11, 2007, Revenue Officer Silverman
28 served an attested copy of the summons on Mrs. Fitch by leaving a copy at her last and usual place

of abode. [Silverman Decl.,¶ 9.] Mrs. Fitch did not appear and to date, she has not provided the documents requested in the summonses. [Silverman Decl., ¶ 10.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id., ¶ 11.]

On March 21, 2008, the government petitioned the Court to enforce the summonses. On June 2, 2008, the Court set a hearing date for this matter and ordered Mrs. Fitch to show cause why she should not be compelled to comply with the IRS summons. The government served this order to show cause on Mrs. Fitch on April 1, 2008 and filed proof of service with the Court. Mrs. Fitch has not filed any written opposition to the government's petition.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose.; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58(1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized Respondent's burden as a heavy one. Id.

The government's petition and Revenue Agent Silverman's supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting investigations with respect to

1 Respondent's continuing failure to file personal income tax returns for the tax years 2001, 2002, 2003, 2004 and 2005; the collection of unpaid assessed employment tax liabilities of Concrete Form Contractors, Inc., a corporation of which Respondent is president, for the tax period beginning October 1, 2000, and ending September 30, 2003; and Respondent's continuing failure to file corporation income tax returns for the tax years ending September 30, 2000 through September 30, 2003, by Concrete Form Contractors. [Silverman Decl., ¶ 3].  Such investigations are expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of summons for the purpose of determining "the liability of any person for any internal revenue tax...or collecting any such liability.." 26 U.S.C. § 7602(a). [Id., ¶ 3, Exhibits A-C.] Thus, the summonses were issued for a legitimate purpose.  Second, Revenue Agent Silverman has declared in his affidavit that the information requested by the summonses may be relevant to the IRS determination of Mrs. Fitch's personal tax liability and the federal tax liability of Concrete Form Contractors. [Id., ¶ 13.] Third, the IRS does not already possess the papers, records, and other data sought by the summonses issued to Mrs. Fitch. [Id. ¶ 11.] Finally, the IRS has followed and exhausted all required administrative steps, but Mrs. Fitch has not complied with the summonses. [Id., ¶ 12.] Thus, the government has made *prima facie* showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the government's petition to enforce the IRS summons is GRANTED.  Respondent, Natalie L. Fitch, is directed to appear before IRS Revenue Agent Steve Silverman or designee, on *July 2, 2008, at 9:00 a.m.*, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3255, San Diego, California, and to produce the documents and give testimony as directed in the summonses.  The United States shall serve a copy of this Order upon Mrs. Fitch in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible.  Proof of such service shall be filed with the Clerk of Court as soon as practicable.

///

///

///

1 | <u>Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court.</u>

**IT IS SO ORDERED**.

DATED:  June 3, 2008

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**